UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

    v.                                                     Civil No. 11-cv-540-SM

Ron White, Superintendent,
Merrimack County Department of
Corrections, et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is Christopher Palermo's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"), while he was incarcerated at the Merrimack County House of Corrections ("MCHC"), seeking damages and injunctive relief.[2] The complaint is before this magistrate judge for a preliminary review, pursuant to United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) and 28 U.S.C. § 1915A.

---

[1] Palermo has named the following employees of the Merrimack County Department of Corrections as defendants in this action: Supt. Ron White, Cpl. Martin (first name unknown ("FNU")); Corrections Officer ("C.O.") FNU Buttery, C.O. J. Lewko, Rev. W. Plenge, and John and Jane Doe and John and Jane Roe defendants.

[2] Palermo is now incarcerated at the New Hampshire State Prison. Accordingly, his claims for injunctive relief against the MCHC defendants are moot and should be dismissed from this action.

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the

plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

I.   Cell Conditions

Palermo asserts that his right not to be subject to cruel and unusual punishment was violated when he was housed in a cold cell.[3]  Inmates are protected from unconstitutional conditions of confinement that "from an objective standpoint . . . deny him the minimal measure of necessities required for civilized living."  Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  The plaintiff must also demonstrate that "from a subjective standpoint, the defendant was deliberately indifferent to inmate health or safety."  Surprenant, 424 F. 3d at 18-19 (citing Farmer, 511 U.S. at 836-37).

Palermo alleges that on November 5, 2011, he was housed in

---

[3]It is not clear whether Palermo was housed in the MCHC as a pretrial inmate, in which case his right to humane conditions of confinement arises under the Fourteenth Amendment, or as a sentenced inmate protected by the Eighth Amendment.  The court will construe the complaint to have invoked the Fourteenth Amendment, which is at least as protective of the right to humane conditions of confinement as the Eighth Amendment.  See Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007) (citing Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)) (Fourteenth Amendment rights for pretrial detainees as to prison conditions are coextensive with Eighth Amendment protection due to convicted prisoners).

a cold processing cell, and was covering himself with a blanket to keep warm.  C.O. Buttery, who was aware that the cell was cold, told Palermo that he would be subject to disciplinary action if he did not uncover himself.  Palermo neither alleges that he was at risk of any serious harm to his health or safety due to having to endure an uncomfortably cold cell on one occasion, or that C.O. Buttery was aware of, and disregarded, any risk to Palermo.  The court cannot reasonably infer that having to endure a cold cell for one night was treatment so punitive as to violate the Fourteenth Amendment.  Accordingly, Palermo has failed to state a claim upon which relief might be granted for his placement in a cold cell without a blanket, and the claim should be dismissed.

II.  Retaliation

Palermo alleges that his right to free speech was violated when Cpl. Martin threatened him with physical violence in retaliation for Palermo voicing concern about the conditions of his confinement.  Palermo alleges that on November 5, 2011, he voiced concern to Cpl. Martin about having to sleep in a cold cell without a blanket.  Cpl. Martin responded, "If you continue to complain the beating you got in the prison will be nothing compared to the one you'll get here."

The First Amendment shields prisoners from retaliation in response to their engaging in protected speech. Ortiz v. Jordan, 131 S. Ct. 884, 893 (2011) (citing Crawford-El v. Britton, 523 U.S. 574, 592 (1998)).  To state a claim for retaliation for exercising his First Amendment rights, Palermo must allege: (1) the conduct which led to the alleged retaliation was protected by the First Amendment; (2) some adverse action at the hands of the prison officials; and (3) a causal link between the exercise of his First Amendment rights and the adverse action taken.  See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012).

An inmate has a First Amendment right to complain about the conditions of his confinement.  See Bumpus v. Watts, 448 F. App'x 3, 6 (11th Cir. 2011), cert. denied, 132 S. Ct. 2395 (2012).  Moreover, "threats alone can constitute an adverse action if the threat is capable of deterring a person of ordinary firmness from engaging in protected conduct."  Hill v. Lappin, 630 F.3d 468, 474 (6th Cir. 2010).  The allegations concerning Cpl. Martin's threat of a severe beating if Palermo complained further about his cell conditions, taken together with the remaining allegations in the complaint, are sufficient to state an actionable First Amendment retaliation claim. Accordingly, the court, in an order issued simultaneously with

5

this report and recommendation (the "Simultaneous Order"), directs service of the retaliation claim on Martin.

III. Toothpaste

Palermo has further alleged that he was provided with unhealthy toothpaste at the MCHC, which he claims contained a poisonous ingredient. Because he has not alleged any facts indicating that any defendant was aware of the ingredients or that any defendant knew of and disregarded a significant risk to Palermo's health and safety related to the toothpaste, Palermo has failed to state a claim relating to the toothpaste provided by the MCHC. Accordingly, the claim should be dismissed.

IV. Religious Practice

Palermo asserts that his right to practice his religion was improperly restricted at the MCHC. This court construes Palermo's claims relating to his religious practices as asserting violations of his rights under the First Amendment Free Exercise Clause, the Fourteenth Amendment Equal Protection Clause, and RLUIPA.

Inmates have a First Amendment right to exercise their religion in jail that may be restricted by prison officials only when such restriction is "reasonably related to legitimate penological interests." See Beard v. Banks, 548 U.S. 521, 528

(2006) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).  A prison inmate asserting that he has been treated differently than other similarly situated inmates on the basis of his religious faith may assert an equal protection claim.  See Kuperman v. Wrenn, 645 F.3d 69, 77-78 (1st Cir. 2011).  RLUIPA prohibits prison officials' actions that place a substantial burden on an inmate's religious exercise, unless the action is the least restrictive means of furthering a compelling governmental interest.  See Bader v. Wrenn, 675 F.3d 95, 98 (1st Cir. 2012).

    Here, Palermo has alleged that he is a member of a pagan religion,[5] and that he requested that the MCHC Chaplain, Rev. W. Plenge, provide him with a holy book, space to hold religious observances, and religious items necessary for Palermo to worship and practice his faith.  Rev. Plenge told Palermo that

---

[5] Courts and prisons have recognized paganism as a religion entitled to protection under the First Amendment and RLUIPA. See e.g., Rupe v. Cate, No. CV-08-2454-EFS, 2011 WL 4889211, at *7 (E.D. Cal. Oct. 13, 2011) (recognizing that "Pagan religious practices are religious exercise" under RLUIPA); Floyd v. Leslie, No. 3:09 CV 378, 2009 WL 3060264, at *3 (N.D. Ind. Sept. 23, 2009) (Satanist inmate requesting access to his "Pagan material," who was told by corrections official, "we don't allow that here," stated a § 1983 claim for relief for a violation of his right to practice his religion); Anderson v. Klug, No. 08-C-0248, 2008 WL 1902023, at *2-3 (E.D. Wis. Apr. 25, 2008) (inmate asserting that his pagan religious texts were arbitrarily withheld and destroyed stated claim under First Amendment and RLUIPA for violation of his right to practice his religion).

"there is no such religion as Pagan" and refused to accommodate Palermo's requests. Palermo states that the MCHC provides religious texts, items, and space for religious practice to members of other religions. Palermo has not alleged any facts from which the court could reasonably infer that Rev. Plenge's refusal to recognize Palermo's religion or to provide him with the means to practice his religion was reasonably related to a legitimate governmental interest.

The complaint alleges the minimal facts necessary to state a claim for relief alleging that Rev. Plenge has improperly denied Palermo the ability to practice his religion, and that he suffered illegal discrimination on the basis of his religion. Accordingly, the court has directed service of the Free Exercise, Equal Protection, and RLUIPA claims on Rev. Plenge in the Simultaneous Order.

V.   Access to the Courts

Palermo alleges that he has been denied meaningful access to the courts. To state such a claim, plaintiff must demonstrate that the legal resources available to him were inadequate to meet his need to conduct legal research. See Bounds v. Smith, 430 U.S. 817, 832 (1977), overruled in part on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). Plaintiff must further plead that his legal status was harmed by

8

the deprivation of adequate legal materials. See Lewis, 518 U.S. at 351.

Palermo states that he asked C.O. Lewko for access to the law library to conduct legal research in order to meet a short deadline in a pending civil action. C.O. Lewko ignored the request and when Palermo tried to discuss the matter with him, told Palermo to "call someone who cares." Palermo does not indicate, however, that he actually missed a filing deadline, was unable to present a legal issue, or was otherwise subjected to a detriment in any legal position. Accordingly, Palermo has failed to state a claim that C.O. Lewko denied him access to the courts, and the claim should be dismissed.

## VI. Grievance Procedures

Palermo alleges that he attempted to resolve the issues raised in his complaint by filing grievances through the MCHC grievance system. Palermo requested and was denied copies of his grievances. Although labeled as a claim in the complaint, Palermo does not assert a violation of any right arising out of not receiving copies of his grievances. To the extent a claim is intended, it should be dismissed.

VII. Supervisory Liability

Palermo states that Supt. White is a proper defendant because it is his responsibility to supervise and oversee the operation of the facility, and to ensure that proper procedures are followed there. Respondeat superior does not provide a basis for finding a supervisor liable under § 1983. Instead, a supervisor's liability must be based on the supervisor's own acts or omissions constituting "'supervisory encouragement, condonation or acquiescence[,] or gross negligence of the supervisor amounting to deliberate indifference.'" Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (citation omitted).

The First Circuit has not addressed whether RLUIPA places a similar limitation on claims asserting a supervisor's liability for his subordinate's conduct. At least one district court, in the Tenth Circuit, has barred recovery under RLUIPA by analogizing the statute to § 1983. See Ciempa v. Jones, 745 F. Supp. 2d 1171, 1200 (N.D. Okla. 2010) ("An otherwise non-culpable person cannot be held liable for his subordinate's violation of RLUIPA merely because of his or her status as a supervisor."). A district court in a different circuit, however, has found that a claim of negligent supervision is actionable under RLUIPA. Cf. Agrawal v. Briley, No. 02 C 6807,

2004 WL 1977581, *14 (N.D. Ill. Aug. 25, 2004) (warden's deliberate avoidance of involvement in reviewing grievance established basis for warden's liability under RLUIPA, as warden's conduct constituted "negligent supervision").

Here, Palermo has made no allegation concerning an act or failure to act by Supt. White that caused or failed to prevent any of the violations alleged in the cognizable claims. As to the religious exercise claim, therefore, the facts asserted by Palermo fail to show any causal nexus between the superintendent and the chaplain's decision, thereby rendering the Agrawal decision distinguishable. Accordingly, the court, following the court's reasoning in Ciempa, recommends that Palermo's claims against Supt. White be dismissed.

VIII. Official and Individual Capacity Claims

Palermo brings his claims against each defendant in both their individual and official capacities. Individual liability is based on the defendant's own acts or failures to act. See Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 502 (1st Cir. 2011). "'[A] damages suit against an official in an official capacity is tantamount to a suit against the entity of which the official is an agent.'" Id. (citation omitted). In this case, therefore, Palermo's official capacity claims are essentially claims asserted against Merrimack County. A municipality's

liability obtains only when "the execution of [the municipal] government's policy or custom . . . inflicts the injury." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978). Accordingly, official capacity claims against County officials are cognizable only where the challenged conduct is the result of a County policy or custom.

Palermo has not alleged either that Plenge's refusal to acknowledge or accommodate Palermo's religious beliefs, or Martin's retaliatory conduct, was the result of County custom or policy. Accordingly, Palermo's official capacity claims against Plenge and Martin should be dismissed.

**Conclusion**

In the Simultaneous Order, the court directs service of Palermo's retaliation claim against Cpl. Martin and the religious exercise claims against Rev. Plenge, to the extent those claims are brought against the defendants in their individual capacities and seek damages. For the reasons discussed in this report and recommendation, the court recommends that all of the other claims and defendants in the complaint, including all of Palermo's claims for injunctive relief and official capacity claims be dismissed from this action.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

Date: September 4, 2012

cc: Christopher Palermo, pro se

LBM:jba